(104 So. 719)

No. 25019.

## AMERICAN NAT. BANK OF SHREVEPORT v. DIAMOND DRILLING CO.

(May 25, 1925.)

*(Syllabus by Editorial Staff.)*

Banks and banking ☞116(4)—That president of bank and vendor of mortgaged property co-owners does not necessarily prevent bank from being holder in due course.

Where maker of note secured by chattel mortgage asserted certain equities between itself and vendor of property, fact that president

of plaintiff bank and vendor of property were co-owners in sale of property would not necessarily, in view of Act No. 64 of 1904, § 52, deprive bank of status of holder in due course.

Appeal from Twelfth Judicial District Court, Parish of DeSoto; John H. Boone, Judge.

Action by the American National Bank of Shreveport against the Diamond Drilling Company. Judgment for plaintiff and defendant appeals. Affirmed.

Craig & Bolin, of Mansfield, for appellant.

E. W. & P. N. Browne, of New Orleans, for appellee.

BRUNOT, J. This is a suit on a promissory note, secured by a chattel mortgage on a well-drilling rig.

The defendant is a Texas corporation and the proceeding is in rem. Defendant excepted to the jurisdiction of the court. The exception was overruled, an answer filed, and from a judgment for the amount of the note, with interest and attorneys' fees, as stipulated therein, sustaining the sequestration; recognizing plaintiff's lien on the property seized; ordering it sold to satisfy the judgment; and reserving to plaintiff the right to sue the maker, sureties, and indorsers of the note for any balance that may be due thereon after the proceeds of the sale of the property sequestered are applied to the payment of the judgment, the defendant appeals.

Defendant's answer admits the execution of the chattel mortgage, but denies its validity; admits the execution of the note, but denies that payment of it was secured by the mortgage; asserts a claim for credits thereon amounting to $8,091.80; charges knowledge of the infirmities of the note; and, in a supplemental answer, alleges that McCutchen was notified, before the acquisition of the note by the bank, of its alleged infirmities.

We have read the testimony carefully and we find, as did the District Judge, viz:

"That the note sued on was regularly executed, signed, and indorsed; that the mortgage was regularly executed; that the mortgage was given to secure the note which was duly paraphed by the notary public and identified with the mortgage; that the plaintiff acquired the note in due course, for a valuable consideration and before maturity."

We also find that the note was acquired by the plaintiff without knowledge of any equities the defendant may have had as between itself and the vendor of the property.

Defendant alleged, but failed to prove, that L. W. Wright, the vendor of the property, and M. A. McCutchen, the president of the plaintiff bank, were partners and co-owners of the property sold to defendant.

If defendant had succeeded in establishing, as a fact, that McCutchen was co-owner and interested in the sale of the property, the plaintiff would not, necessarily, have been bound thereby. Seixas v. Citizens' Bank, 38 La. Ann. 424; Leurey v. Bank of Baton Rouge, 131 La. 30, 58 So. 1022, Ann. Cas. 1913E, 1168.

Section 52 of Act 64 of 1904 is as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That it is complete and regular upon its face;

"(2) That he became the holder of it before it was over-due, and without notice that it had been previously dishonored, if such was the fact;

"(3) That he took it in good faith and for value;

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

As we have found that the note sued upon was regularly executed; that it was identified with, and its payment secured by, a chattel mortgage on the property described in the act; that plaintiff acquired the note in due course, for a valuable consideration, before maturity, and without knowledge of any defects or infirmities, or of the alleged equities

between the maker and original owner of the note, it would be mere supererogation to include, in this opinion, a reference to the incidental questions raised by the pleadings. For these reasons we find that the judgment appealed from is correct. It is therefore affirmed at appellant's cost.